**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSVALDO CISNEROS-GUTIERREZ, | Case No. 1:21-cv-00441-EPG-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |
| v. | |
| D.K. WHITE, | |
| Respondent. | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE |

Petitioner Osvaldo Cisneros-Gutierrez is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the failure to apply his earned time credits to his sentence under the First Step Act. Given that the claim is not ripe, the undersigned recommends that the petition be dismissed without prejudice.

**I.**

**BACKGROUND**

On June 8, 2006, Petitioner was convicted of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine in the United States District Court for the Northern District of Texas. (ECF No. 8-2 at 4, 11).[1] On October 13, 2006, Petitioner was sentenced to 292 months of imprisonment and 36 months of supervised release. (Id. at 12). On February 13, 2008, the Fifth Circuit affirmed Petitioner's conviction. United States v. Cisneros-Gutierrez, 517 F.3d 751 (5th Cir. 2008).

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

On March 28, 2012, the United States District Court for the Northern District of Texas denied Petitioner's § 2255 motion. Cisneros-Gutierrez v. United States, No. 3:09-cv-0877-D, 2012 WL 1037458 (N.D. Tex. Mar. 28, 2012), adopting findings and recommendation, 2012 WL 1033480 (N.D. Tex. Mar. 05, 2012). Subsequently, an executive grant of clemency commuted Petitioner's imprisonment term to 228 months. (ECF No. 8-2 at 14).

On March 17, 2021, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1). Therein, Petitioner asserts that his earned time credits under the First Step Act ("FSA") have not been applied and that he should be granted immediate release to home confinement. (ECF No. 1 at 2–3). On June 16, 2021, Respondent filed a motion to dismiss the petition for lack of Article III standing and ripeness, lack of jurisdiction under § 2241, and failure to exhaust administrative remedies. (ECF No. 8). To date, no opposition or statement of non-opposition has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

**A. First Step Act**

"On December 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, was enacted. The Act implemented a number of prison and sentencing reforms." Bottinelli v. Salazar, 929 F.3d 1196, 1197 (9th Cir. 2019).

> [P]aragraph 102(b)(1) [of the First Step Act] amends § 3624 by adding subsection (g), which is relevant to the Act's creation of an earned time credit system.[2] Id. at 5210-13. The Act requires that, within 210 days of its enactment, the Attorney General establish a "risk and needs assessment system" to, broadly speaking, review each prisoner's recidivism risk level, award earned time credit as an incentive for participation in recidivism reduction programming, and "determine when a prisoner is ready to transfer into prerelease custody or supervised release in accordance with section 3624." § 101(a), 132 Stat. at 5196-97. Section 3624(g) details the criteria for when a prisoner becomes eligible, considering earned time credit, for transfer to prerelease custody or supervised release. § 102(b), 132 Stat. at 5210-13.

Id. at 1197–98 (footnote in original).

---

[2] In contrast to good time credit, earned time credit is awarded for "successfully complet[ing] evidence-based recidivism reduction programming or productive activities." § 101(a), 132 Stat. at 5198.

2

**B. Ripeness**

"Ripeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" Nat'l Park Hosp. Ass'n v. Dep't of Interior, 538 U.S. 803, 807–08 (2003) (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 148–49 (1967)). "The ripeness doctrine is 'drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction[.]'" Nat'l Park Hosp. Ass'n, 538 U.S. at 808 (quoting Reno v. Catholic Social Services, Inc., 509 U.S. 43, 57 n.18 (1993)).

The Federal Bureau of Prisons ("BOP") has published a proposed rule, entitled "FSA Time Credits," that "would codify the Bureau of Prisons (Bureau) procedures regarding the time credits as authorized by the First Step Act of 2018 (FSA)." FSA Time Credits, 85 Fed. Reg. 75268, 75268 (proposed Nov. 30, 2020) (to be codified at 28 C.F.R. pts. 523 & 541). The proposed rule states that "[a]n eligible inmate must successfully complete each Evidence-Based Recidivism Reduction program or Productive Activity before the inmate may earn FSA Time Credits." 85 Fed. Reg. at 75272. The proposed rule also states:

> The requirements to successfully complete an Evidence-Based Recidivism Reduction program or Productive Activity are defined by the Bureau for each Evidence-Based Recidivism Reduction program or Productive Activity. The requirements will be based on the specific elements of each Evidence-Based Recidivism Reduction program or Productive Activity, and may vary based on the curricula, duration, or the specific needs or of either the Evidence-Based Recidivism Reduction program/Productive Activity or the inmate participating.

85 Fed. Reg. at 75271. Additionally, "[f]or purposes of earning FSA Time Credits, a 'day' is defined as one eight-hour period of participation in an Evidence-Based Recidivism Reduction program or Productive Activity that an eligible inmate successfully complete." Id. at 75272.

The proposed rule closed for comments on January 25, 2021. 85 Fed. Reg. at 75268. To date, a final rule on the FSA time credits has not been enacted. Given that the proposed rule governing FSA time credits has yet to be codified, Petitioner's claims regarding FSA time credits

3

are not ripe. See Adkins v. Ponce, No. CV 20-11264 JLS (MRW), 2021 WL 3666176, at *3 (C.D. Cal. Aug. 17, 2021) (gathering cases holding that inmates' claims for FSA earned time credits are not ripe). Accordingly, dismissal is warranted on this ground.[3]

## III.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the petition for writ of habeas corpus be DISMISSED without prejudice.

Further, the Court DIRECTS the Clerk of Court to assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **September 29, 2021**                /s/ Erica P. Grosjean
                                                                  UNITED STATES MAGISTRATE JUDGE

---

[3] Because the Court finds that the petition should be dismissed because the claim is not ripe, the Court will not address Respondent's other arguments raised in the motion to dismiss.

4